# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HERMON SCOTT, )<br> a/k/a Herman Nathaniel Scott, )<br> )<br>          Petitioner, )<br> )<br>v. )<br> )<br>JOHN LAMANNA; HENRY )<br>MCMASTER, ATTORNEY )<br>GENERAL OF SOUTH )<br>CAROLINA, )<br> )<br>          Respondents. )<br>_____) | CIVIL ACTION NO. 0:06-2145-GRA-BM<br><br>**REPORT AND RECOMMENDATION** |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 28, 2006. The Respondents filed a return and motion for summary judgment on October 13, 2006.

As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on October 16, 2006, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. The Court's order was originally returned as undeliverable, but was remailed to Petitioner on December 5, 2006, at an address shown on a certificate received from the state Attorney General's Office. After requesting an extension of time to respond, the Petitioner filed a response in opposition to the motion on February 26, 2007. This matter is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondents have filed a motion for summary judgment.



**Procedural History**

Petitioner was indicted in August 1992 in Williamsburg County for Distribution of Crack Cocaine [Indictment No. 92-GS-45-451].  Petitioner was represented by LeGrand Carraway, Esquire, and was found guilty as charged following a jury trial on October 30, 1992.[2]  Petitioner was sentenced by the trial judge under the South Carolina Youthful Offender Act to an indeterminate sentence not to exceed six (6) years.  See Respondents' Exhibit 7-16.[3]  Respondents represent, upon information and belief, that no direct appeal was made from the conviction and/or sentence, and Petitioner concedes that he did not file a direct appeal.  See also, Respondents' Exhibit 7-2, p. 2, ¶ 6.

On July 9, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court, Horry County.  Scott v. State of South Carolina, 03-CP-45-306.  See Respondents' Exhibit 7-2.  Petitioner sought expungement of his conviction.  The State moved to dismiss the petition on statute of limitations grounds; see Respondent's Exhibit 7-3; and on November 3, 2004, the case was transferred to Williamsburg County with an order noting that the APCR would relate back to the filing date of the original APCR in Horry County.  See Respondent's Exhibit 7-4.  Petitioner was represented by D. Craig Brown, Esquire, and a hearing was held on the State's motion on October 6, 2005.  The PCR judge thereafter entered an order on November 29, 2005, denying and dismissing the APCR in its entirety as having been filed outside the applicable

---

As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]Although the Respondents have not submitted the trial record, Petitioner states in his petition that he was sentenced on October 30, 1992.  See Petition, p. 2.  See also Respondents' Exhibit 7-7, p. 1.

[3]The undersigned has used the document numbers as they appear on the Court docketing system.



statute of limitations.   See Respondents' Exhibit 7-9.

On December 15, 2005, Brown filed a timely notice of appeal.  See Respondents' Exhibit 7-11.  On December 15, 2005, the Clerk of the South Carolina Supreme Court sent Brown a letter noting the requirement of Rule 227(c), SCACR, that Brown provide an initial written explanation showing an arguable basis why the denial of PCR relief was proper to avoid summary dismissal.   See Respondent's Exhibit 7-13.  On December 22, 2005, Brown responded with a letter in which he stated he and Petitioner did not think Petitioner was entitled to relief under the state PCR act, but that he filed the appeal anyway at Petitioner's direction.   See Respondent's Exhibit 7-12.  On January 11, 2006, the Supreme Court issued an order in which it dismissed the PCR appeal for failure to show an arguable basis for reversal as required by Rule 227(c), SCACR.  See Respondent's Exhibit 7-14. The Remittitur was issued on January 30, 2006.  See Respondent's Exhibit 7-15.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claim:

> Whether the court erred when it dismissed petitioner's motion for P.C.R. RELIEF as time barred.

See Petition, p. 6.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.

3



519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondents contend in their motion, inter alia, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(1) is part of the Anti-terrorism and Death Penalty Act ("AEDPA"), which became effective on April 24, 1996. Under this statute, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled. See Pub.L. 104-132, Title I, § 104, 110 Stat. 1218; Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998) [adopting one



(1) year as the reasonable period]; Moore v. Campbell, 344 F.3d 1313 (11th Cir. 2003);  Lindh v. Murphy, 96 F.3d 856, 866 (7th Cir. 1996) (en banc), cert. granted in part, 117 S.Ct. 726 (1997), rev'd on other grounds, 117 S.Ct. 2059 (1997); Hernandez v. Campbell, 225 F.3d 435, 438 (4th Cir. 2000); Duarte v. Hershberger, 947 F.Supp. 146, 148-149 (D.N.J. 1996); see also Curtis v. Class, 939 F.Supp. 703, 705-708 (D.S.D. 1996).

While the filing of an APCR will normally toll the running of the statute, when Petitioner filed his APCR on July 9, 2003, over six (6) years of non-tolled time had already passed. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 30, 2006, when the Remittitur was sent after the South Carolina Supreme Court denied certiorari. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 (9th Cir. May 3, 2000). However, by the time Petitioner then filed this federal action, which is dated July 20, 2006,  over five (5) months of additional non-tolled time had accrued since the disposition of his APCR.

When the pre- and post- APCR time periods are added, well over six (6) years of non-tolled time passed from when Petitioner's period of limitations began to run on the AEDPA's effective date and the filing of this federal petition.  Accordingly, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief.[4] Artuz v. Bennett, 531 U.S. 4

---

[4]In Petitioner's response, he acknowledges that the one year state deadline for filing his APCR had passed, but does not address the issue of the federal statute of limitations, and the fact that it had also passed.

5



(2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; <u>Pearson v. North Carolina</u>, 130 F.Supp.2d 742 (W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1377 (1999); <u>Andrews v. Johnson</u>, 976 F.Supp. 527 (N.D.Tex. 1997); <u>Harris</u>, 209 F.3d at 328 [where petitioner's direct review concluded in 1992, and petitioner did not file for PCR until ten-and-one-half months after AEDPA's effective date of April 24, 1996, the ten-and-one-half months counted against his period of limitations, which expired one-and-one half months after his PCR was finally concluded in January 1998].

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 26, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

