UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Hermon Scott, a/k/a Herman Nathaniel Scott, | ) ) ) |
| Petitioner, | ) C/A No. 0:06-cv-2145-GRA-BM ) ) |
| v. | ) **ORDER** ) (Written Opinion) |
| John LaManna; Henry McMaster, Attorney General of South Carolina, | ) ) ) |
| Respondents. | ) ) |

This matter comes before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D. S.C., and filed on March 26, 2007. Petitioner filed an action pursuant to 28 U.S.C. § 2254 on July 28, 2006. Respondents filed a motion for summary judgment on October 13, 2006. On October 16, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences for failure to adequately respond. The petitioner filed a response in opposition to summary judgment on February 26, 2007. The magistrate recommends granting respondents' motion for summary judgment and dismissing the petition because it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. §2244(d).

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner filed objections on April 16, 2007.

Petitioner objects that the statute of limitations on his *habeas* petition has not expired because he has not yet exhausted his state remedies. Petioner has exhausted his state remedies. On January 11, 2006, the South Carolina Supreme Court dismissed his appeal. The magistrate correctly tolled the statute for the time petitioner spent pursuing his state remedies; however, petitioner allowed over six years of non-tolled time to elapse before filing his state application for post-conviction relief.

Petitioner argues that he cannot be time barred when his constitutional rights have been clearly violated. Congress has seen fit to impose a one-year statute of limitations on *habeas* petitions brought pursuant to 28 U.S.C. § 2254. It is not within the province of this Court to second-guess Congress where it has enacted a statute that comports with the Constitution.

The Court need not respond to the remainder of petitioner's objections because they do not address the statute of limitations issue.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that respondents' motion for summary judgment be GRANTED and the petition for writ of *habeas corpus* be DISMISSED.

IT IS FURTHER ORDERED that petitioner's motion for post-conviction relief be DENIED as MOOT.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 6, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.